IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TONIA NELSON, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| WENCOR GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Tonia Nelson ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Wencor Group, LLC ("Defendant") pursuant to the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## **FACTUAL ALLEGATIONS**

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA and ADA.

7.

Plaintiff began her employment with Defendant on January 23, 2017 at a Material Handler.

8.

Plaintiff suffers from a disability, of which the employer had knowledge. In particular, Plaintiffs suffers from Generalized Anxiety Disorder.

9.

Defendant had actual knowledge of Plaintiff's disability at all times relevant to her claims.

10.

In October or November 2018, Defendant approved Plaintiff for FMLA leave because of her disability.

11.

On December 2, 2019, Plaintiff called out of work because of her disability.

12.

On December 3, 2019, Plaintiff notified her supervisor, O'Bryant Landrum, that she could not stay past her scheduled shift to work extra hours. Mr. Landrum proceeded to loudly berate Plaintiff for taking FMLA leave.

13.

On December 9, 2019, Plaintiff received a warning from Amber Clements, the warehouse supervisor.

14.

Plaintiff notified Ms. Clements during this meeting that Mr. Landrum had made derogatory remarks about her disability and need to take FMLA leave. Mr. Landrum's derogatory comments were a continuation of frequent complaints made by Mr. Landrum and Ms. Clements regarding Plaintiff's need to take FMLA leave.

15.

On or about December 11, 2019, Plaintiff was terminated.

16.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination based on her disability, and retaliation for missing some workdays because of her disability, i.e. needing a reasonable accommodation under the

Americans with Disabilities Act.

17.

In addition, in terminating Plaintiff's employment Defendant retaliated against Plaintiff for her FMLA leave in violation of the FMLA.

18.

At all times relevant to this action, Plaintiff suffered from a serious health condition and disability, as those terms have been defined by the FMLA and ADA, of which the employer had knowledge.

19.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

20.

Plaintiff's work absences were caused by her disability, which qualified for protection under the ADA.

21.

Defendant terminated Plaintff due to work absences, which were protected by ADA, and/or because of Plaintiff's need for leave for her health condition, and/or

because of Plaintiff's disability and/or need for a reasonable accommodation under the ADA.

22.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

23.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, need for an accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disability.

## **CLAIMS FOR RELIEF**

## **VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

## **COUNTS I**

## **(FMLA RETALIATION)**

24.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

25.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

26.

Plaintiff was an eligible employee under the FMLA.

27.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

28.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

29.

Defendant terminated Plaintiff because of her FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA retaliation.

30.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

## COUNTS II & III

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

## (ADA DISCRIMINATION AND RETALIATION)

31.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

32.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

33.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

34.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

35.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

36.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

37.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

38.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

39.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability or perceived disability, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

40.

In terminating Plaintiff after she sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

41.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

42.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  All equitable relief available under the ADA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which she may be entitled.

This 15th day of June, 2020.

                **BARRETT & FARAHANY**

                s/V. Severin Roberts
                V. Severin Roberts
                Georgia Bar No. 940504
                *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com